No. 173.—THE SUCCESSION OF JOHN A. ROSS.—Opposition of E. H. CROSBY and the UNION BANK OF LOUISIANA.

A contract for the hire of slaves can not be enforced. Ante page 300. But if a partition of the succession has been made between the coheirs, as in this case, and one of the heirs is found to be indebted to the succession for the hire of slaves, the amount of such indeb'-edness was properly deducted by the executors from the share coming to such heir.

APPEAL from the Parish Court of De Soto parish. *Sutherlin*, Parish Judge. *R. J. Bowman*, for executors, appellants. *Elam & Wimple*, for opponents and appellees.

WYLY, J. The executors of John A. Ross have appealed from the judgment of the parish court homologating their account, and disallowing various items thereof, on the opposition of Crosby and the Union Bank.

They contend here that the item No. 28, of $3350, for hire of ten hands for two years, due by John A. Ross to J. H. Goodwin, was improperly reduced by the court to $2625 46; also that the item for the labor of twenty-four hands, the property of Mrs. Ross, as per voucher thirty, was improperly rejected; also that the item of hire of negroes, as shown by voucher twenty-two, was improperly disallowed; also that the item for "piano and stool," appraised at $300, for which they claim credit, having delivered it to the daughter of Ross, was improperly rejected.

As to the credit for the piano, which the executors contend was given by Ross to his daughter and for which they claim credit, having delivered it to her, we will remark there is no evidence of the donation in the record, and we think this item was properly disallowed. As to claims for negro hire, this court has decided that they can not be enforced, 22 An. p. 300, and therefore the items Nos. 30 and 22 were properly rejected.

Succession of J. A. Ross—Opposition of E. H. Crosby and the Union Bank of Louisiana.

We find, however, from the evidence, that the item No. 28, for $3350, was not for the hire of slaves so far as the heirs of Mrs. Ross are concerned, and as it now appears on the account.

It appears that at the settlement and final partition of the succession of J. H. Goodwin, the father in law of John A. Ross, that Ross was owing the said succession the sum of $3350 for hire of negroes, and that Mrs. Ross collated or settled it by deducting that sum from the share due her in the settlement with her coheirs. The court below reduced this claim, because Goodwin died before the end of the second year for which the hire was owing; that after Goodwin's death the negroes belonged to Mrs. Ross, and the remaining hire from September, the time of Goodwin's death, to the end of the year, fell into the community existing between Ross and his wife. This is not correct. It was not till after the final settlement by the heirs that Mrs. Ross acquired ownership of the negroes hired to Ross by her father. Although Goodwin divided his slaves among his children he did not convey the title—indeed it was expressly stipulated that Ross was to pay the hire claimed. At his death all the slaves hired to the different heirs belonged to his succession. At the partition Ross was owing the succession the full amount of $3350, for hire of slaves up to that date. This sum his wife had to deduct from the share coming to her, and to this extent Ross, her husband, became her debtor, not for hire but for so much of her funds applied to the payment of his debt.

We think the heirs of Mrs. Ross were properly entitled to the amount of this claim, and that the judge erred in reducing it. In other respects the judgment appealed from is correct.

It is therefore ordered that the judgment homologating the provisional account of this succession, be amended so that the full amount of $3350, in item twenty-eight, be allowed instead of $2625 46, as reduced by the court below, and as thus amended that the judgment be affirmed. It is further ordered that the appellees pay costs of this appeal.